# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Sandy Colomb | Civil Action No. 05-1659 |
| versus | Judge Tucker L. Melançon |
| USF Logistics, et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING AND ORDER

Before the Court is a motion for summary judgment filed by defendant USF Distribution Services, Inc.(erroneously named as "USF Logistics") (hereinafter referred to as "USF"), as to all claims asserted against it by plaintiff, Sandy Colomb. For the following reasons, the motion will be denied.

This action arises from an alleged accident on May 9, 2005 suffered by plaintiff, Sandy Colomb, when she was involved in an automobile accident with Prince John Njoku, who was operating a 1996 International truck. Defendant USF removed this case on September 21, 2005 from the Fifteenth Judicial District Court, Lafayette Parish, Louisiana. [Rec. Doc. 27]. In her complaint, plaintiff alleges that the truck involved in the accident was owned by Charles Nwigwe and that at the time of the accident, "Njoku was under contract to, providing [sic] a service which benefitted [sec] or in some other manner was acting on behalf of USF Logistics." Plaintiff's complaint, ¶ 9. Plaintiff further alleges that the "sole and proximate cause of the accident ... was the gross negligence of Prince John Njoku" while he was in the course and scope of his employment with USF. *Id.* at ¶ 8 & 10.

In its motion for summary judgment, USF moves the Court to dismiss all of plaintiff's claims against it as Prince John Njoku was neither an employee nor a

contractor with USF at the time of the accident on May 9, 2005. In support of its position, USF submits the affidavit of Mike Pacheco, the Assistant Terminal Manager of USF's Dallas/Fort Worth terminal, who represents that Njoku "has not been employed by nor contracted with USF Distribution Services, Inc. and/or USF Logistics since January 21, 2004. Aff of Pacheco.

Plaintiff argues that defendant's motion is premature as it was filed prior to responsive pleadings and without responding to the outstanding discovery served with the original Petition filed in the state court action. In particular plaintiff argues that the Traffic Crash Report named USF Logistics as the motor carrier for the truck being operated by Njoku and because USF acknowledges that it had a relationship prior to the instant accident but no discovery has been answered nor conducted, defendant's motion should be denied.

"Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f) is his remedy. This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The protection afforded by Rule 56(f) is an alternative to a response in opposition to summary judgment under Rule 56(e) and is designed to safeguard against a premature or

improvident grant of summary judgment. To obtain a Rule 56(f) continuance, the nonmovant must present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. To be entitled to a continuance of a summary judgment proceeding in order to obtain further discovery prior to a ruling on a motion for summary judgment, the party must demonstrate how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact. The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285-86 (5th Cir. 1985)(citations omitted). "The purpose of Rule 56(f) is to provide nonmovants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir.1992). *Wichita Falls* lists four requirements that a non-movant must satisfy to receive a continuance under rule 56(f). First, he must request extended discovery before the court rules on summary judgment. Secondly, he must put the court on notice that further discovery relating to the summary judgment motion is being sought. Thirdly, he must show how the requested discovery relates to the summary judgment motion. Finally, he must have acted in a diligent fashion so as not to have put himself in the current position through inaction. *Id.*[1]

---

[1] Based on plaintiff's Memorandum in Opposition and Statement of Disputed Facts, the Court will consider the instant motion and opposition thereto under Rule 56(f). Even if Rule 56(f) does not apply, however, it is within the Court's discretion to allow a party additional time for discovery to defeat a motion for summary judgment *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir.1994).

The record indicates that the Traffic Crash Report lists the "carrier name" as "USF Logistics" and that USF acknowledges that the company had a relationship with Njoku prior to the accident. La. Uniform Motor Vehicle Traffic Crash Report; Aff. of Pacheco. The record further indicates that plaintiff filed a request for discovery with her original state court petition, to which USF has not responded. Also, because this case has only recently been removed to this Court and all parties have not filed responsive pleadings, a Scheduling Order has not issued and deadlines have not been set.

Based on the foregoing, the Court finds that plaintiff has demonstrated that the discovery she has propounded to USF will potentially enable her to rebut USF's allegations and establish some relationship between Njoku and USF, and therefore, USF's motion should be denied as premature. USF may reassert its summary judgment at the close of discovery.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by USF Distribution Services, Inc. [Rec. Doc. 18], is DENIED.

Thus done and signed this 28th day of November, 2005 at Lafayette, Louisiana.

Tucker L. Melançon
UNITED STATES DISTRICT JUDGE

4.